JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JONATHAN D. SCHMIDT (CABN 230646)
WADE M. RHYNE (CABN 216799)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone: (510) 637-3693
   Facsimile: (510) 637-3724
   E-Mail:   jonathan.schmidt@usdoj.gov
              wade.rhyne@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 08-00815 CRB; CR-04-0016 CRB |
|---|---|---|
|     Plaintiff, | ) | |
| v. | ) | STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMANT MATERIAL |
| BRUCE EDWARD ATKINS,<br>    a/k/a "Bruce Elwood Atkins,"<br>    a/k/a "Bruce Elwood Atkins, Jr.,"<br>    a/k/a "Shit," | ) | |
|     Defendant. | ) | |

      Plaintiff, by and through its attorney of record, and Defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

      1.     A federal grand jury has returned an indictment charging Defendant with possession of methamphetamine with intent to distribute and with distribution of cocaine base.

      2.     The government has previously provided redacted copies of material pertaining to

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER REGARDING CONFIDENTIAL INFORMANT
MATERIAL

a confidential informant ("Confidential Informant Material") who allegedly purchased narcotics from Defendant. Counsel for Defendant is currently requesting access to the Confidential Informant Material in un-redacted form. The government continues to maintain that the Confidential Informant Material exceeds the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute or relevant case law, and was provided voluntarily and solely as a matter of discretion. The government has not waived its right to object to any future discovery requests beyond the ambit of its legal obligations.

3. The government believes that the proposed protective order is necessary to preclude Confidential Informant Material, which may contain the identities of potential witnesses and/or cooperating defendants or information from which those identities may be discovered, from being disseminated among members of the public and to Defendant. Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse materials to identify, intimidate, and/or harm witnesses and/or defendants.

4. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, defendants, and other members of the community and reduce the risk of retribution against cooperating witnesses by precluding the circulation of these documents and information throughout the prison system and the community, while permitting counsel for Defendant to view the Confidential Informant Material. Accordingly, the parties jointly request that the Court order as follows:

    a. For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for Defendant; (2) defense investigators assisting counsel with this case; and (3) any expert witnesses who may be retained or appointed by the defense team. Each member of a defense team must provide the government with a letter indicating that they have read this stipulation and agree to be bound by its terms. For purposes of this Order, a term "defense team" does **not** include Defendant.

    b. The government is authorized to provide the defense team access to

STIPULATION AND ~~PROPOSED~~ PROTECTIVE
ORDER REGARDING CONFIDENTIAL INFORMANT
MATERIAL    2

1  materials related to the above-entitled action and may, in its discretion, designate any material
2  made available and/or produced as "Confidential Informant Material" to be governed by the
3  terms of this protective order. The government may designate material as confidential by
4  marking such material as "CONFIDENTIAL INFORMANT MATERIAL" and may allow
5  defense team to review the material at the United States Attorney's Office.

6        c.      The defense team may review, but may not take notes of, or otherwise
7  copy or duplicate, the contents of any material marked as "Confidential Informant Material."

8        d.      The defense team may not remove any material marked as "Confidential
9  Informant Material" from the United States Attorney's Office.

10       e.      The defense team shall not divulge the contents of any "Confidential
11 Informant Material" reviewed pursuant to this Order to anyone outside the defense team,
12 including to Defendant.

13       f.      In the event that one of the parties files a pleading that references or
14 contains "Confidential Informant Material" or information therefrom, that filing must be made
15 under seal.

16     IT IS SO STIPULATED.

17

18 DATE: July 29, 2009                      Respectfully submitted,

19                                       JOSEPH P. RUSSONIELLO
20                                       United States Attorney

21                                       /s/
22                                       WADE M. RHYNE
23                                       Assistant United States Attorney

24

25                                       GAIL SHIFMAN
26                                       Counsel For Bruce Edward Atkins

27

28

## [~~PROPOSED~~] ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED: The government is hereby authorized, to disclose material to the defense and may designate the material to be governed by this protective order as Confidential Informant Material. The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(f) of this stipulation and order.

DATED: July 30, 2009

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

STIPULATION AND ~~PROPOSED~~ PROTECTIVE
ORDER REGARDING CONFIDENTIAL INFORMANT
MATERIAL                                    4